Wilde J.
delivered the opinion of the Court. The first objection made to the proceedings at the trial is not probably of much importance to the parties, but as it relates to the discretion of the Court in allowing amendments, it is not undeserving of attention. , The plaintiffs on the trial not being prepared, I suppose, to prove the two last items in the account *337 annexed to their writ, struck them out, notwithstanding the objections thereto by the defendants ; and the defendants were not allowed to avail themselves of a part of the credit given on account of these items, unless they would admit the correctness of the charges in the items stricken out. This operated unfavorably to them, and gave to the plaintiffs the advantage of their charges without proving them. And by this course the defendants were deprived of the benefit of a set-off. If these items and credits had been omitted in the original writ, the defendants might and probably would, have filed an account in set-off, embracing these credits. There seems to be no good reason for this course of procedure, and we think the account annexed to the writ should be restored to its original state. Courts will not encourage the splitting up of accounts consisting of various charges, as it tends to produce a multiplicity of suits, which the law discourages. To allow the plaintiffs to withdraw a part of their demands, thereby opening the door for a new action, does not appear to be reasonable, under the circumstances of the case.
In the defence it was offered to be proved, that the plaintiffs had orders to sell the goods consigned, immediately, and that they might have been sold accordingly for more than sufficient to put the plaintiffs in funds to the amount of their shipments and all costs and charges. This evidence, we think, should have been admitted. It is certainly good in mitigation of damages, and to bar all charges for commissions, interest, storage, and other charges if any there be, which were caused by the plaintiffs’ negligence and breach of orders.
In the case of Basten v. Butter, 7 East, 479, it was decided, that in an action for work and labor done and materials found, proof that the work was not worth so much as the plaintiff claimed, was admissible, although the plaintiff only claimed the price for which the work was agreed to be done. It was held to be competent for the defendant to show that the work was not faithfully done according to the contract. Mr. Justice Lawrence remarks, that it would be incumbent on the defendant, in such a case, to give notice of his intention to dispute the goodness or value of the work, and that with such
*338 notice, the defendant should be let into his defence to show rea^ value °f the work.
In Farnsworth v. Garrard, 1 Campb. 38, Lord Ellenborough maintains the same principle, and he remarks that he had had a conference with the judges on the subject, and tha* the rule was settled, that in an action for services the plaintiff’s negligence may be proved against him to reduce the amount of his demand, and if there was no beneficial service there should be no pay.
And in Montriou v. Jefferys, 1 Car. & Payne, 113, it was held that an attorney could not recover for expenses incurred by his own inadvertence and negligence.
So in Beecher v. Vrooman, 13 Johns. R. 302, it was laid down, that deceit in the sale of a chattel may be given in evidence in an action for the price, either in bar or in mitigation of damages. Van Ness J. says this is the true as well as a salutary rule, and well calculated to do final and complete justice between the parties the most expeditiously and least expensively.
In King v. Boston, Middlesex sittings after Easter 1789, 2 Com. Contr. 363, Lord Kenyon laid down the same doctrine, in an action for the agreed price of a horse sold.
In White v. Chapman, 1 Stark. Rep. 113, it was deter mined that a factor guilty of gross negligence or misconduct, in selling the goods of his principal, could make no deduction for his commissions.
There are other decisions which are somewhat contradictory, and which seem to confine this kind of defence to actions on a .quantum meruit for services ; but the weight of authority is opposed to such a limitation, as well as the reason of the rule. But if such a limitation were admitted, still the evidence ought to be received in reduction of the charges for commissions, and for labor and services. We adopt however the more liberal rule, as being best adapted to the general policy of the law. The question for a time may have ranked in the class of legal uncertainties, but it appears to us at present to be settled'on reasonable and satisfactory principles.[1]

New trial granted.

 See Parker v. Brancker, 22 Pick. 40; Jones v. Kennedy, 11 Pick. 125.